United States District Court
Southern District of Texas
**ENTERED**
November 17, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN MANUEL ROJAS OROZCO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-1187 |
| | § | |
| WARDEN, EL VALLE DETENTION CENTER, *et al.*, | § | |
| | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Petitioner Juan Manuel Rojas Orozco filed this habeas action while detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas. He contests Respondents' ability to detain him.

Petitioner alleges that he "entered the United States through Texas border, on or about 2000, without inspection[,]" (Pet., Doc. 1, 3), and that in October 2026, Immigration and Customs Enforcement agents arrested him without a warrant and without explaining why he was being arrested. (*Id.* at 4) He alleges one count, based on the alleged violation of his rights under the Fourth Amendment. (*Id.* at 8–9)

Under 8 U.S.C. § 1357(a)(2), a federal officer may effectuate a warrantless arrest "if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest[.]" But for purposes of a habeas action, "'an illegal arrest has no bearing on the legality of detention following that arrest.'" *Cruz v. Tate*, No. CV H-26-4819, 2026 WL 2160560 (S.D. Tex. July 27, 2026) (Lake, J.) (citing *Carnesolta v. Tate*, No. 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026) (Eskridge, J.)); cf. *Carnesolta, I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984) ("The mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding[.]"); *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982) (concerning the independent intermediary doctrine).

In addition, given Petitioner's allegation that he entered the United States without inspection, the Court infers that he would be subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Sosnava v. Vergara*, No. 26-50183, __ F.4th __, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (addressing procedural and substantive due process claims).

To facilitate the Court's consideration of the issues that Petitioner presents, it is:

**ORDERED** that by no later than **December 7, 2026**, Petitioner Juan Manuel Rojas Orozco shall file a Statement explaining why the reasoning in the previously-referenced decisions does not apply to the claims that he presents.

If Petitioner does not file the Statement, the Court will deny the Petition.

The Clerk of Court is directed to serve a copy of this Order upon Respondents in accordance with the Memorandum of Understanding.

Signed on November 17, 2026.

Fernando Rodriguez, Jr.

Fernando Rodriguez, Jr.
United States District Judge